UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAYMOND GREEN,

        Plaintiff,

Case No. 12-14355

Honorable John Corbett O'Meara

v.

WASHTENAW COUNTY SHERIFF DEPUTY
CAREK and WASHTENAW COUNTY SHERIFF
DEPARTMENT,

        Defendants.
        _____/

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

This matter came before the court on Defendants' February 15, 2013 motion for summary disposition, which the court will interpret as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (6). Plaintiff Laymond Green filed a response March 11, 2013; and Defendants filed a reply brief March 17, 2013. No oral argument was heard. LR 7.1(f)(2).

### BACKGROUND FACTS

Plaintiff Laymond Green filed a one-count complaint October 1, 2012, alleging that his constitutional rights were violated during a search and seizure of his hotel room June 14, 2009. Green had been arrested the previous day, June 13, 2009. Plaintiff left a copy of his complaint with the Washtenaw County Clerk's Office on January 31, 2013.

Defendants filed this motion to dismiss based on insufficient service of process and the applicable statute of limitations.

## LAW AND ANALYSIS

Insufficient service of process is a basis for dismissal pursuant to Rule 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

In this case, leaving a copy of the complaint at the county clerk's office failed to effectuate service of process on the Washtenaw County Sheriff's Office because the Sheriff's Office is not a legal entity. It also failed to effectuate service on Deputy Carek, the only named defendant, because the clerk's office has no authority to accept service of process for any individual employee of Washtenaw County.

In his response brief, Plaintiff concedes that Washtenaw County Sheriff's Department is a non-legal entity and seeks leave to amend his complaint to substitute "Washtenaw County" as a defendant in place of "Washtenaw County Sheriff's Department." In addition, Plaintiff contends that because the county has actual notice of his lawsuit, service of process is sufficient.

The court finds, however, that amending Plaintiff's complaint to name the proper defendant, as well as allowing additional time to properly serve the defendants, would be futile in this case. Plaintiff's complaint is barred by the applicable, three-year statute of limitations on constitutional violations. Although Michigan law once tolled the statute of limitations period during a person's incarceration, the Michigan legislature amended the statute in 1994, removing imprisonment as a disability tolling the statute of limitations. See Neal v. Anspaugh-Kisner, 2008 U.S. Dist. LEXIS 118185 *15 (E.D. Mich. 2008). Plaintiff alleges violations that occurred June 14, 2009; and his complaint was filed more than three years later, October 1, 2012.

## **ORDER**

It is hereby **ORDERED** that Defendants' February 15, 2013 motion to dismiss is **GRANTED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date:  July 29, 2013

       I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 29, 2013, using the ECF system and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager